IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOMMIE SANDS TYREE, } | |
| } | |
| Movant, } | |
| } | |
| v. } | Case No.: 2:09-cv-8025-RDP-JEO |
| } | 2:06-CR-0135-RDP-JEO |
| UNITED STATES OF AMERICA, } | |
| } | |
| Respondent. } | |

**MEMORANDUM OF DECISION**

On July 10, 2009, Movant, Tommie Sands Tyree, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 in order to challenge his conviction for distributing "crack" cocaine. Movant has alleged five grounds to either vacate his conviction or reduce his sentence: (1) actual innocence; (2) that the difference in sentencing schemes in 21 U.S.C. § 851 and U.S.S.G. 4B1.1 violates equal protection; (3) that the principles articulated in *Apprendi v. New Jersey* apply to his prior convictions because *Almendarez-Torres v. U.S.* is no longer good law; (4) that the trial court committed procedural error by failing to notify him, pursuant to 21 U.S.C. § 851(b) that challenges to a prior conviction not made before sentence may not be raised afterwards to attack the sentence; and (5) ineffective assistance of counsel. For the following reasons, the court finds that the § 2255 Motion is due to be denied and the action will be dismissed.

**I.      Procedural History**

On March 29, 2006, the Grand Jury issued an indictment against Tyree, charging him with two counts of distributing fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack" cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Indictment, *United States v. Tyree*, No. 2:06-cr-135 (N. D. Ala. Mar. 30 2006), ECF No.

1).[1]  The court appointed Mr. Glennon Threatt, Jr. to represent Tyree on April 7, 2006.  (CR Doc. #5 at 1).

On April 10, 2006, the United States filed an Information notifying Tyree that, if he were convicted, the Government would seek an enhanced penalty pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851.  (CR Doc. #4 at 1).  In that pleading, the Government identified two previous felony convictions for cocaine possession that would serve as a basis for enhancing Tyree's sentence.  (*Id.*)

On April 12, 2006, the court conducted a detention hearing, at which Mr. Threatt represented Tyree.  At the conclusion of that hearing, the court ordered that Tyree be detained without bond pending trial.  (CR Doc. #9 at 2).  Mr. Threatt filed eleven motions for disclosure over the course of the next two months.[2]  The Government and Tyree were unable to reach a plea agreement, and the case proceeded to trial on August 7, 2006.  (CR Doc. #17).  During trial, the Government orally moved to dismiss Count 2 of the Indictment, and the court granted that motion.

On August 9, 2006, a jury found Tyree guilty as to Count 1 of the Indictment, distributing fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack" cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  (CR Doc. #33).

The United States Probation Office prepared a Presentence Investigation Report, which mentioned the two previous convictions that were the subject of the Information filed by the Government.  (CR Doc. #40 (sealed)).  Mr. Threatt filed a sentencing memorandum that, among other things, admitted that the "[Movant] cannot deny the existence of these convictions," (CR Doc.

---

[1] There are two dockets referenced in this memorandum: (1) the underlying criminal trial that gave rise to Movant's conviction (*United States v. Tyree*, Case No. 2:06-cr-135); and (2) the instant civil action brought under 28 U.S.C. § 2255 (*Tyree v. United States*, Case No. 2:09-cv-8025). To avoid confusion, documents from the former criminal docket are marked with "CR Doc." and documents from the § 2255 civil docket are marked with "CV Doc."

[2] CR Doc. #7, CR Doc. #10, CR Doc. #11, CR Doc. #12, CR Doc. #13, CR Doc. #14, CR Doc. #18, CR Doc. #19, CR Doc. #20. CR Doc. #21, & CR Doc. #22.

#36 at 8) and challenged the constitutionality of the prior conviction exception to the rule announced in *Apprendi v. New Jersey*. (CR Doc. #36 at 5-6). The Government responded in opposition to Movant's memorandum and argued for the imposition of the mandatory minimum sentence of life in prison under 21 U.S.C. § 841(b)(1)(a). (CR Doc. #37 at 5-6).

On February 7, 2007, the court held a sentencing hearing. During the hearing, Mr. Threatt argued Movant's challenge to the prior-conviction exception to the *Apprendi* rule, which the court specifically considered and rejected. (CR Doc. #53 at 3). Given that 21 U.S.C. § 841(b)(1)(a)[3] imposes a statutory minimum sentence of life in prison, the court sentenced Movant to life in prison. (CR Doc. #53 at 7).

Mr. Threatt timely filed a notice of appeal on Movant's behalf (CR Doc. #43) and, at Movant's request, continued to represent Movant on appeal. (CV Doc. #5-15 at 13-14). On appeal, Mr. Threatt argued a hearsay objection, a constitutional claim regarding the penalties in 21 U.S.C. § 841(b)(1)(A), and a challenge regarding the court's interpretation of Federal Rule of Evidence 609(b). (CV Doc. #5-12 at 10). On April 11, 2008, the Eleventh Circuit affirmed Movant's conviction and sentence. (CV. Doc. #5-14 at 9). Movant did not petition the Supreme Court for a writ of *certiorari*.

On June 22, 2009, Ms. Susan G. James filed her notice of appearance to represent Movant. (CR Doc. #58). On July 10, 2009, Ms. James, on behalf of Movant as his current attorney, filed the Motion to Vacate, Set Aside or Correct Sentence that is the subject of this proceeding.

---

[3] Section 841(b)(1)(a) states in relevant part that "[i]f any person commits a violation of [§ 841(b)(1)(a)] . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release."

3

Movant was in custody when he filed the 2255 motion. The motion was filed within the relevant statute of limitations.[4] As far as the court is aware, this is not a successive motion. Therefore, the court has jurisdiction to hear this case.

## II.     Movant's § 2255 Arguments

The court must first address one procedural issue with regard to Movant's submissions. Movant's current attorney, Ms. Susan James, has attached to her brief what appears to be a *pro se* brief drafted by Movant, whose arguments she incorporates by reference into her brief. (CV Doc. #2 at 1, 10). The *pro se* brief, however, is unsigned; so its authorship is uncertain and it cannot qualify as an affidavit by Movant. Nonetheless, the court will consider the merits of all arguments alleged in that filing.

Movant has asserted five principle claims: (1) actual innocence; (2) an equal protection violation; (3) that the principles articulated in *Apprendi v. New Jersey* apply to his prior convictions; (4) that the trial court failed to follow procedure required by 21 U.S.C. § 851(b); and (5) ineffective assistance of counsel. With respect to his last claim, Movant specifically alleges that his trial counsel rendered ineffective assistance by: (1) failing to argue that his prior drug convictions should not be used as the basis for a § 851 enhancement because doing so would result in an equal protection violation; (2) failing to raise an *Apprendi* argument on direct appeal; (3) failing to argue that neither of Movant's previous convictions were valid for purposes of § 851 because each resulted from a guilty plea that was not knowingly and voluntarily entered; (4) failing to file relevant pretrial

---

[4] As a general rule, to be timely, a § 2255 motion must be filed within one year of the date on which the judgment of the conviction becomes final. 28 U.S.C. § 2255(f)(1). The Eleventh Circuit affirmed Movant's conviction and sentence on April 11, 2008. (CR Doc. #57). From that point, Movant had 90 days to seek review in the United States Supreme Court. SUP. CT. R. 13(1). Movant did not seek certiorari, so his conviction became final for purposes of 28 U.S.C. § 2255 on August 27, 2008. *See Clay v. United States*, 537, U.S. 522, 532 (2003). Therefore, Movant had until August 27, 2009 to file his motion, and timely filed this action. (CV Doc. #1).

4

motions and meet with Movant during trial; (5) failing to prepare for trial by identifying, interviewing, and subpoenaing witnesses; and (6) failing to seek a "voice exemplar" of Movant for use in trial. The court will address each of Movant's arguments.

## III. Standard of Review

A motion to set aside, vacate or correct a sentence of a person in federal custody pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that ... there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). The movant must specify all grounds for relief and specifically plead all facts supporting each claim for relief. RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS 2(b).

The threshold question the court must consider is whether the movant has stated a claim cognizable under § 2255. *See Lynn v. U.S.*, 365 F.3d 1225, 1233 (11th Cir. 2004); *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998) (stating that "[t]he threshold inquiry is whether Burke's claim that his sentence is contrary to a subsequently enacted clarifying amendment is cognizable under § 2255."). Only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 184–86 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir.1988) (noting that defendant may not make a statutory non-constitutional claim in a § 2255 motion); *Kett v. United States*, 722 F.2d 687, 690 (11th Cir. 1984) ("[A]s the district court correctly noted, claims of excessive bail are not cognizable in a section 2255 action."). Consequently, the Eleventh Circuit has consistently held that "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if

condoned, result in a complete miscarriage of justice." *Richards v. United States*, 837 F.2d at 966 (internal citations omitted). In order to fall under the "fundamental miscarriage of justice" exception, the movant must show that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent[ .]" *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In addition to pleading a cognizable claim, a motion for § 2255 relief must also satisfy the procedural default rule. Courts have consistently held that a collateral challenge, such as a § 2255 motion, may not serve as a substitute for a direct appeal. *See e.g.*, *United States v. Frady*, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal."); *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). Therefore, under the procedural default rule, a defendant must assert all available claims to challenge his conviction or sentence on direct appeal or else be barred from presenting that claim in a § 2255 proceeding. *Id*. at 1234; *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir.1994). A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal. *McCoy v. United States*, 266 F. 3d 1245, 1258 (11th Cir. 2001) (citing *United States v. Frady*, 456 US 152, 167-68 (1982)). The standard for obtaining an exception to the procedural default rule is conjunctive: "a convicted defendant must show both (1) 'cause' excusing his double procedural default; *and* (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 US at 168 (emphasis added). This rule applies to all claims, including constitutional claims. *See Reed v. Farley*, 512 U.S. 339, 354 (1994); *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977); *Lynn v. U.S.*, 365 F.3d at 1234; *Thornton v. United States*, 368 F. 2d 822, 825-26 (D.C. Cir. 1966).

## IV. Discussion

### A. Actual Innocence

In an attempt to escape the application of the procedural default rule, Movant makes a claim of actual innocence. (CV Doc. #2 at 27). To show that he is "actually innocent," a movant "must show that it is more likely than not that no reasonable juror would have found [the movant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Actual innocence may also be found where a court determined that the movant's conduct was actually not criminal. *See Bousley v. United States*, 523 U.S. 614 (1998).

Movant argues that, had he been able to call witnesses favorable to his defense, "he would have been found not guilty by the jury." (CV Doc. #2 at 27). He states that a petitioner asserting actual innocence "to avoid a procedural bar must show that his conviction 'probably resulted' from 'a constitutional violation," citing *Schlup v. Delo*, 513 U.S. at 327. (CV Doc. #2 at 27). In articulating this standard for actual innocence, Movant misses the mark. The quote that Movant lifted from *Schup* came from the Court's recitation of the standard articulated in an earlier case, *Murray v. Carrier*, 477 U.S. 478 (1986), which goes on to specify that the constitutional violation probably "resulted in the conviction of one who is *actually innocent*." *Schlup v. Delo*, 513 U.S. at 327 (quoting *Murray v. Carrier*, 477 U.S. at 496) (emphasis added). In fact, the Court in *Schlup* clarified that "[t]he *Carrier* standard is intended to focus the inquiry on actual innocence." In a later case, the Supreme Court further stated that "[i]t is important to note in this regard that "actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. at 623.

Here, Movant does not allege that he is actually innocent, but rather that the jury would not have found him guilty had he been able to call favorable witnesses. (CV Doc. #2 at 27). As Movant

7

has failed to produce facts to show that he is actually innocent, his argument of actual innocence is without merit. *See Lynn v. US*, 365 F. 3d 1225, 1235 (11th Cr. 2004); *Johnson v. Alabama*, 256 F. 3d 1156, 1171 (11th Cr. 2001).

**B.      Equal Protection**

Movant rests his equal protection argument "on the authority set forth in *United States v. Baker*, 16 F.3d 854 (8th Cir. 1994) and *United States v. Price*, 990 F.2d 1367 (D.C. Cir. 1993)." (CV Doc. #2 at 17). After noting that these cases are similar to the instant case because they both involve drugs, Movant argues that "[t]he same logic [of *Baker* and *Price*] should apply in the instant case[,] particularly since the defendant's involvement with drugs was the subject of at least one state court conviction involving possession and[,] arguably[,] personal use." (CV Doc. #2 at 18).

The court is not persuaded by the authority cited by Movant for three reasons. First, these cases are inapposite to an equal protection claim as neither of them was decided on equal protection grounds. Second, these cases are not binding authority because they are not decisions of the Eleventh Circuit. Third, these cases are no longer good authority; both *Baker* and *Price* concerned the scope of U.S.S.G. § 4B1.1 before the Sentencing Commission amended it in 1995. As the D.C. Circuit noted, when it reexamined *Price* in *United States v. Powell*, 161 F.3d 738, 739 (D.C. Cir. 1998), the Sentencing Commission amended U.S.S.G. § 4B1.1 to cover the holes created by cases like *Price*. Thus, the interpretation of U.S.S.G. § 4B1.1 in *Price* has been superseded.[5]

**C.      *Apprendi***

Based on the organization of Movant's brief, there is some ambiguity as to the nature of Movant's claim based upon *Apprendi*. The section that explains Movant's *Apprendi* argument is nestled

---

[5]In any case, the court notes that Movant raised a similar argument on direct appeal. (CR Doc. #57 at 8). That argument failed and Movant cannot now use § 2255 to take another bite at the apple.

underneath a heading alleging ineffective assistance by his trial lawyer. (CV. Doc. #2 at 17). Yet the text of the brief appears to be a reproduction of the argument Mr. Threatt presented to the sentencing court in his sentencing memorandum ((CR Doc. #36) (arguing that the principles of *Apprendi v. New Jersey* were violated because the defendant's previous convictions were not charged in the indictment and proven to the jury beyond a reasonable doubt). (CV Doc. #2 at 20-27)).

With regard to the substantive argument that *Apprendi* should have applied to the underlying criminal trial, such an argument was not raised on appeal and is therefore barred here under the procedural default rule. Whether the argument should have been raised on direct appeal is a question concerning the effectiveness of Movant's trial counsel, and the court will address that issue later in this memorandum opinion.

### D. Section 851(b)

Movant argues that the trial court committed reversible error by failing to notify him, pursuant to 21 U.S.C. § 851(b), that challenges to a prior conviction not made before sentence may not be raised afterwards to attack the sentence. Movant has submitted that this is a jurisdictional defect, citing *United States v. Cevallos*, 538 F.2d 1122 (5th Cir. 1976), for the proposition that "[t]he procedural requirements of 21 U.S.C. § 851 are jurisdictional in nature." (CV Doc. #2 at 49).

This argument simply does not hold water. Movant cites *United States v. Cevallos*, 538 F.2d at 1126, and asserts that the sentencing court committed error in implementing the sentencing procedures of § 851(b) and that such an error deprives the court of jurisdiction to sentence Movant. But the jurisdictional error alleged in *Cevallos* concerned § 851(a)(1)'s requirement that the Government serve information of the previous conviction. Even then, the assumption that an error by the Government in complying with the procedural requirements of § 851(a)(1) would deprive the

9

district court of jurisdiction was made *arguendo*. When discussing the jurisdictional ramifications of an error in following § 851(a)(1), the court in *Cevallos* actually said this:

> Assuming that a failure by the Government strictly to comply with § 851(a)(1)'s requirement of service of the information of previous conviction does deprive the District Court of jurisdiction to impose an enhanced sentence, cf. *United States v. Noland*, [517 U.S. 535, 116 S.Ct. 1524 (U.S. Ohio, 1996)] the uncontroverted evidence more than supports the District Judge's implied finding that petitioner's counsel was in fact served with a copy of the information of previous conviction prior to the guilty plea proceeding and petitioner was so advised by his counsel.

*Id.* at 1125-26.

With regard to the jurisdictional implications that may result from a court's failure to fully comply with the procedures required by § 851(b), the *Cevallos* court went on to specifically state that "the failure of the District Court to comply with § 851(b), though resulting in an illegal sentence, does not deprive the District Court of jurisdiction to impose an enhanced sentence . . ." *Id.* at 1128.

Even if the court were to assume, *arguendo*, that Movant's recitation of the law is correct and that a jurisdictional issue has been alleged, that would only get Movant over the first hurdle of determining whether Movant has a § 2255 cause of action. The argument would still be subject to the procedural default rule. In this case, Movant could have raised this argument on direct appeal (like the defendant in *Cevallos*). Because the opportunity to raise this § 851 argument on direct appeal was available, Movant is barred from raising it now on collateral attack without showing cause and actual prejudice.

Moreover, Movant's § 851(b) claim is due to be dismissed on the merits. As the Government's brief correctly notes, there is no dispute about the convictions here. (CV Doc. #5 at

pp. 20-25). At the sentencing hearing, counsel for Movant acknowledged in Movant's presence that the convictions existed, and Movant acquiesced to that admission when he was asked to make any comments he wished to at the hearing but did not refute the existence of the convictions. Under pre-Bonner[6] binding Fifth Circuit precedent, this is sufficient to show substantial compliance with § 851(b). *Ruiz v. United States*, 494 F.2d 1, 2 n. 2 (5th Cir. 1974).[7]

### E.     Ineffective Assistance of Counsel Claims

In order to establish a claim of ineffective assistance of counsel, a petitioner is required to show: (1) that his attorney's representation fell below "an objective standard of reasonableness"; and (2) that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 (1984). "The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a Strickland claim, and both prongs must be proved to prevail." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001) (cert. denied).

To succeed in proving the first prong, "the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. When faced with ineffective-assistance claims, "reviewing courts must indulge a strong

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), our circuit court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[7] In dicta, two panels of the Fifth Circuit, in *United States v. Garcia*, 526 F.2d 958, 961 (5th Cir. 1976) and *United States v. Cevallos*, 538 F.2d 1122, 1128 (5th Cir. 1976) stated that substantial compliance with § 851(b) may not be sufficient. However, the Fifth Circuit's prior holding in *Ruiz* had already foreclosed that view. And as the Eleventh Circuit and the Fifth Circuit have recently made clear, the statements in *Garcia* and *Cevallos* are no more than dicta and substantial compliance with § 851(b) is sufficient where § 851(a) is complied with and a defendant is properly apprised of the underlying convictions. *See United States v. James*, 642 F.3d 1333, 1340 (11th Cir. 2011)l *United States v. Garcia*, 954 F.2d 273, 276-277 (5th Cir. 1992).

11

presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (internal citations omitted). Our circuit reviews a lawyer's conduct under the "performance" prong with considerable deference, giving lawyers the benefit of the doubt for "heat of the battle" tactical decisions. *Johnson v. Alabama*, 256 F.3d at 1176; *see also Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir.1995) ("The test for ineffectiveness is not whether counsel could have done more; perfection is not required. Nor is the test whether the best criminal defense attorneys might have done more. Instead the test is . . . whether what they did was within the 'wide range of reasonable professional assistance.'") (internal citations omitted).

The Eleventh Circuit, sitting en banc in *Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000), expounded upon the standard for reviewing the performance of counsel:

> The standard for counsel's performance is reasonableness under prevailing professional norms. The purpose of ineffectiveness review is not to grade counsel's performance.... To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled.... The petitioner must establish that particular and identified acts or omissions of counsel were outside the wide range of professionally competent assistance.
>
> Courts must indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment. Thus, counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken might be considered sound trial strategy. Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one … [B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take....

218 F.3d at 1313-1316 (citations and internal quotation marks omitted).

Likewise, the "prejudice" prong is difficult to meet. To establish prejudice, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. As the Eleventh Circuit has explained,

> …habeas petitioners must affirmatively prove prejudice because "[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial." "[T]hat the error had some conceivable effect on the outcome of the proceeding" is insufficient to show prejudice.

*Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000) (quoting *Strickland*).

When applying the *Strickland* standard, it is clear that courts "are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998) (internal citations omitted) (cert. denied); see also *Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[O]nce a court decides that one of the requisite showings has not been made it need not decide whether the other one has been.").

Movant alleges six arguments for finding his trial counsel ineffective:

> (1) he failed to argue that Movant's prior drug convictions should not be used as the basis for a § 851 enhancement because doing so would result in an equal protection violation (CV Doc. #2 at 17-18);
> (2) he failed to raise an *Apprendi* argument on direct appeal (CV Doc. #2 at 20-27);
> (3) he failed to argue that neither of Movant's previous convictions were valid for purposes of § 851 because each resulted from a

13

> guilty plea that was not knowingly and voluntarily entered (CV Doc. #2 at18-20);
>
> (4) he failed to file relevant pretrial motions and meet with Movant during trial (CV Doc. #2 at10, 43);
>
> (5) he failed to prepare for trial by identifying, interviewing, and subpoenaing witnesses (CV Doc. #2 at10, 45); and
>
> (6) he failed to seek a "voice exemplar" of Movant for use in trial.
>
> (CV Doc. #2 at10, 47).

The court will now address each argument in turn.

### 1. Failure to Raise Equal Protection Argument

As Supreme Court and Eleventh Circuit case law have made clear, the role of this court is not to grade the trial counsel's performance or hold him ineffective for failing to raise a frivolous legal argument. *See Smith v. Robbins*, 528 U.S. 259, 286 (2000) (The movant must show "that counsel unreasonably failed to discover *nonfrivolous* issues.") (emphasis added).

Movant has failed to make any colorable argument that his rights under the equal protection clause have been violated; he has also has failed to show how his trial lawyer acted unprofessionally in deciding not to advance a meritless argument (much less that such a failure prejudiced him). Therefore, the court concludes this claim fails.

### 2. Failure to Raise *Apprendi* Argument

Movant next argues that his counsel provided ineffective assistance by failing to argue that *Apprendi* applies to the instant case despite case law that clearly indicates otherwise. Again, Movant has failed to demonstrate that his trial lawyer behaved unprofessionally in declining to raise a losing legal argument. Movant's trial lawyer, Mr. Threatt, in his sentencing memorandum, raised the argument that Movant's sentence should not be enhanced under § 851 because the prior conviction

exception established under *Almendarez-Torres* was overturned in *Apprendi*. (CR Doc. #36 at 5-6). The sentencing court considered the argument and rejected it. (CR Doc. #53 at 3). Mr. Threatt did not raise the issue again on appeal. A decision by an appellate lawyer not to pursue what he reasonably believes to be a losing argument is a tactical decision and does not amount to ineffective assistance.

In *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. Two years later, the Court in *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000), found that the Due Process Clause of the Fourteenth Amendment requires that a factual determination authorizing an increase in the maximum prison sentence for an offense from 10 to 20 years be made by a jury on the basis of proof beyond a reasonable doubt. In reaching its decision, the Supreme Court noted that *Apprendi* could arguably be interpreted to overturn *Almendarez-Torres*, but explicitly stated that *Almendarez-Torres* is to be treated as a narrow exception to *Apprendi*, not as being overturned by *Apprendi*:

> Even though it is arguable that Almendarez-Torres was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested, Apprendi does not contest the decision's validity and we need not revisit it for purposes of our decision today to treat the case as a narrow exception to the general rule we recalled at the outset.

530 U.S. at 489-90. Accordingly, the Eleventh Circuit has held that *Almendarez-Torres* remains good law. *See United States v. Villalobos,* 156 F. App'x 248, 250 (11th Cir. 2005) ("After the Supreme Court's decisions in *Apprendi* and *Blakely*, we held that *Almendarez-Torres* remains good

15

law.") (citing *United States v. Marseille*, 377 F.3d 1249, 1257-58 n.14. (11th Cir. 2004)).

Furthermore, even in the absence of *Almendarez-Torres*, *Apprendi* is inapplicable to the underlying case because *Apprendi* applies to statutes that increase the maximum sentence, but not the minimum sentence (as the instant case involves). Fourteen years before *Apprendi*, the Supreme Court in *McMillan v. Pennsylvania*, 477 U.S. 79, 106 (1986), sustained a statute that increased the minimum penalty for a crime when the sentencing judge found by a preponderance of the evidence that the defendant had possessed a firearm. The continued vitality of *McMillan* after *Apprendi* was addressed by the Court in *Harris v. United States*, 536 U.S. 545 (2002). There, the Court found that *McMillan* does survive, and announced the rule that *McMillan* creates an exception to *Apprendi* for statutes that elevate the minimum sentence. *Id*. at 568.

Because the weight of authority preponderates against the argument that *Apprendi* bars applying § 851 to raise the minimum sentence, the decision not to raise such an argument appears to the court to be a reasonable one. As such, the court does not find ineffective assistance as to this claim.

### 3. Failure to Challenge Prior Guilty Pleas

Movant alleges that his guilty pleas in his prior convictions were not entered knowingly and voluntarily because he was not informed that his sentence could be elevated on a later, separate drug conviction based on his prior convictions. Movant then alleges that his lawyer's failure to challenge Movant's prior guilty pleas amounts to ineffective assistance.

Here again, Mr. Threatt's decision not to pursue this argument is wholly reasonable given the lack of support for Movant's premise. The Eleventh Circuit has made clear that a defendant does not need to be advised of the indirect consequences of a guilty plea for that plea to be knowingly and

16

voluntarily entered. *See e.g.*, *United States v. Morse*, 36 F.3d 1070, 1072 (11th Cir. 1994) (federal benefits suspended after guilty plea); *Holmes v. United States*, 876 F.2d 1545, 1548-49 (11th Cir. 1989) (parole-eligibility affected by guilty plea); *United States v. Campbell*, 778 F.2d 764, 767 (11th Cir. 1985) (deportation due to guilty plea). Therefore, the court cannot find ineffective assistance as to this claim.

### 4. Failure to File Relevant Pretrial Motions, Meet with Movant

Plaintiff's next allegation is belied by the record. Mr. Threatt filed pretrial motions zealously[8] and Movant has failed to identify any motions that should have been filed but were not. Undisputed evidence in the record further demonstrates that Mr. Threatt met frequently and communicated extensively with Movant concerning Movant's case. (CV Doc. #5-15 at 16-70). This allegation is without merit.

### 5. Failure to Locate and Subpoena Witnesses

Movant argues that Mr. Threatt provided ineffective assistance when he was unable to locate and subpoena witnesses, whom Movant identified as "Pat," "Tookie," and "white girl." (CV Doc.#2 at 45). From a review of Movant's allegations and Mr. Threatt's affidavit, the court is persuaded that Mr. Threatt not only acted reasonably, but proceeded with diligence and patience in going as far as he could with what his client provided him. (CV Doc. #5-15 at 7-8). Therefore, the court cannot find his assistance ineffective in this respect.

### 6. Failure to Seek Voice Exemplar

Finally, Movant claims that his trial attorney rendered ineffective assistance by failing to

---

[8] *See e.g.* CR Doc. #7, CR Doc. #10, CR Doc. #11, CR Doc. #12, CR Doc. #13, CR Doc. #14, CR Doc. #18, CR Doc. #19, CR Doc. #20. CR Doc. #21, & CR Doc. #22.

17

"seek a voice exemplar" of Tyree and failing to "investigate possibilities of distinguishing exemplar of [Movant's] voice from voice on the recordings" played for the jury. (CV Doc. #2 at 10). Movant, however, does not explain how this prejudiced the case against him. In fact, Mr. Threatt discussed with Movant the fact that the voice on the tape sounded like Movant's voice, which Movant did not deny. (CV Doc. #5-15 at 11-13). This suggests that the reason why counsel declined to present an exemplar of Movant's voice to the jury is because he feared (1) he would lose credibility with the jury, or, worse, (2) it would *confirm* that the voice on the tape belonged to Movant. Because Movant fails to establish prejudice and his attorney's actions appear reasonable, this argument is without merit.

## V.     Conclusion

For the reasons stated above, the court concludes that Movant's § 2255 Motion to Vacate, Set Aside or Correct Sentence states only procedurally defaulted claims and meritless claims ineffective assistance of counsel that are contradicted by the record. A hearing "is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989). Therefore, the court finds that Movant's motion is due to be denied and his case dismissed without hearing. A separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this ___21st___ day of September, 2012.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE